Johnson, J.
delivered the opinion of the Court.
All the grounds of this motion resolve themselves into the question, whether the evidence in the case supported the alie gation in the indictment, that the mare stolen by the prisoner, was “of the proper goods an^d chattels of James Todd.”
I take it as a very clear general rule, that he, who has the lawful possession of a chattel, is to all intents the legal owner, except as to the rightful owner. Thus, a common carrier, or other bailee, may maintain trespass or trover for the goods in his possession, against all the world except the owner. If this be correct, the only inquiry is, whether James Todd was in the lawful possession of the mare in question.
The legal right in the trust estate was clearly in Blakely the trustee ; but it is equally certain that he had not the possession, and the fact of its remaining in the possession of Todd, authorizes the inference, that it was so with the consent of the trustee,-which made his possession, according to the rule, a lawful possession ; and if we suppose the possession in Mrs. Todd, the same legal consequences follow, for the possession of the wife is the possession of the husband.
It is said, however, that the mare stolen constituted no part of the trust property, and having been obtained by the son, the possession was in him. I cannot myself put any other interpretation on the facts reported, than that the son, without any authority, had taken a colt, part of the trust properly, out of the possession of the father, and disposed of it in exchange for the mare without his consent, with which the latter was at first dissatisfied, but afterwards approved of it,- and accepted the mare, and kept her as a substitute for the colt disposed of; so that whatever interest the son might have had, whether of right *312 or possession, was by tins arrangement transferee! to the father, conSH<ln‘‘ntty the uiaj'c was well laid in the indictment as the property of James Todd the father.
Motion refused.